**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>GENERAL WIRELESS OPERATIONS INC. DBA RADIOSHACK,<br><br>Debtor. | Chapter 11<br><br>Case No. 17-[•] (___) |
| In re:<br><br>GENERAL WIRELESS HOLDINGS INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 17-[•] (___) |
| In re:<br><br>GENERAL WIRELESS INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 17-[•] (___) |
| In re:<br><br>GENERAL WIRELESS CUSTOMER SERVICE INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 17-[•] (___) |

**MOTION FOR ENTRY OF AN ORDER DIRECTING THE JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors" or the "Company") move this Court pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for the entry of an order, in substantially the form attached hereto as Exhibit A, directing the joint administration of the Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only, and granting certain related relief. In support of this Motion, the Debtors respectfully represent as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>GENERAL WIRELESS OPERATIONS INC. DBA RADIOSHACK,<br><br>Debtor. | Chapter 11<br><br>Case No. 17-[•] (___) |
| In re:<br><br>GENERAL WIRELESS HOLDINGS INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 17-[•] (___) |
| In re:<br><br>GENERAL WIRELESS INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 17-[•] (___) |
| In re:<br><br>GENERAL WIRELESS CUSTOMER SERVICE INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 17-[•] (___) |

**MOTION FOR ENTRY OF AN ORDER DIRECTING THE JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors" or the "Company") move this Court pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for the entry of an order, in substantially the form attached hereto as Exhibit A, directing the joint administration of the Debtors' chapter 11 cases and the consolidation thereof for procedural purposes only, and granting certain related relief. In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. sections 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. section 157(b). The Debtors confirm their consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue for this matter is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409.

3. The bases for the relief requested herein are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and Local Rules 1015-1 and 9013-l(m).

## BACKGROUND

4. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed in the Debtors' cases.

6. An overview of the Debtors' history and businesses, a summary of the events leading to the commencement of these chapter 11 cases, and the facts supporting this Motion are set forth in the *Declaration of Dene Rogers in Support of Chapter 11 Petitions and*

*First Day Motions* (the "First Day Delaration"), filed contemporaneously herewith and incorporated by reference herein.

**RELIEF REQUESTED**

7. Through this Motion, the Debtors seek entry of an order, in substantially the form attached hereto as Exhibit A, (i) ordering the joint administration of the Debtors' chapter 11 cases (collectively, the "Cases"); (ii) directing parties in interest to use a consolidated caption in substantially the form provided in the proposed order approving this Motion (the "Proposed Caption") indicating that any pleading they file relates to the jointly administered bankruptcy cases of "General Wireless Operations Inc. dba RadioShack, *et al.*" and (iii) ordering that an entry be made on the docket in the chapter 11 cases of each of the Debtors other than General Wireless Operations Inc. dba RadioShack, substantially as follows:

> An order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the procedural consolidation and joint administration of the chapter 11 cases of: General Wireless Operations Inc. dba RadioShack, Case No. 17-[•] (___); General Wireless Holdings Inc., Case No. 17-[•] (___); General Wireless Inc., Case No. 17-[•] (___); and General Wireless Customer Service Inc., Case No. 17-[•] (___). The docket of General Wireless Operations Inc. dba RadioShack in Case No. 17-[•] (___) should be consulted for all matters affecting this case.

**BASIS FOR RELIEF**

8. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f a joint petition or two or more petitions are pending in the same court by or against ... a debtor and an affiliate, the court may order a joint administration of the estates." Local Rule 1015-1 states:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration supported by an affidavit, declaration or verification, which establishes that the joint administration of two

or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

9. The debtors—which include General Wireless Operations Inc. dba RadioShack and its direct and indirect subsidiaries—are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code. 11 U.S.C. §101(2) (defining affiliate as an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor"). Accordingly, this Court is authorized to grant the relief requested. An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an *ex parte* basis. *See* Local Rule 1015-1.

10. The joint administration of the Cases will have several benefits, including: (i) permitting the Clerk of the Court to utilize a single general docket for these cases and combine notices to creditors of the Debtors' respective estates and other parties in interest; (ii) avoiding the need for duplicative notices, motions and applications, thereby saving time and expense; (iii) enabling parties in interest to have a single point of reference for all matters relevant to these Cases; (iv) significantly reducing the volume of pleadings that otherwise would be filed with the Clerk of this Court; (v) rendering the completion of various administrative tasks less costly; and (vi) minimizing the number of unnecessary delays associated with the administration of separate chapter 11 cases.

11. Additionally, because this is not a motion for the substantive consolidation of the Debtors' estates, the rights of parties in interest will not be prejudiced or otherwise affected in any way by the entry of an order directing the joint administration of the Cases for procedural purposes only. Moreover, because joint administration is a procedural matter only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim

against any of the Debtors or their respective estates clearly assert its claim against a particular Debtor obligated on such claim, and not against the jointly administered Debtors.

12. Pursuant to section 342(c)(1) of the Bankruptcy Code, "[i]f notice is required to be given by the debtor to a creditor...such notice shall contain the name, address, and last 4 digits of the taxpayer identification number of the debtor." The Proposed Caption contains all of the required information and, therefore, satisfies the terms of section 342(c) of the Bankruptcy Code.

13. For the reasons set forth above, the Debtors respectfully submit that the relief requested herein is in the best interests of the Debtors, their estates, creditors and other parties in interest and, therefore, should be granted.

## NOTICE

14. Notice of this Motion shall be given to: (i) the office of the United States Trustee for the District of Delaware; (ii) those creditors holding the 30 largest unsecured claims on a consolidated basis against the Debtors' estates; (iii) Royal Bank of Canada, in its capacity as administrative and collateral agent for certain senior secured lenders; (iv) GACP Finance Co., LLC; (v) Cortland Capital Market Services LLC, in its capacity as agent for certain junior secured lenders; (vi) Standard General Master Fund L.P.; and (vii) Kensington Technology Holdings, LLC. As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m). The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

15. No prior request for the relief sought herein has been made to this Court or to any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, and grant such other and further relief as may be appropriate.

Dated: March 8, 2017
Wilmington, Delaware

**PEPPER HAMILTON LLP**

/s/ David M. Fournier
David M. Fournier (DE 2812)
Evelyn J. Meltzer (DE 4581)
Michael J. Custer (DE 4843)
Hercules Plaza, Suite 5100
1313 N. Market Street
P.O. Box 1709
Wilmington, Delaware 19899-1709
Tel: (302) 777-6500
Fax: (302) 421-8390
Email: fournierd@pepperlaw.com
meltzere@pepperlaw.com
custerm@pepperlaw.com

-and-

**JONES DAY**
Scott J. Greenberg (*pro hac vice pending*)
250 Vesey Street
New York, NY 10281-1047
Tel: (212) 326-3939
Fax: (212) 755-7306
Email: sgreenberg@jonesday.com

Mark A. Cody (*pro hac vice pending*)
77 West Wacker
Chicago, IL 60601-1692
Tel: (312) 782-3939
Fax: (312) 782-8585
Email: macody@jonesday.com

*Proposed Attorneys for Debtors and Debtors-in-Possession*